PETER BERETTA *vs.* DURASTONE CO., INC.

JULY 31, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This original petition under the work-
men's compensation act, general laws 1938, chapter 300,
article VIII, as amended by public laws 1949, chap. 2253,
was brought to recover compensation for disablement from
silicosis.  Following a hearing in the superior court a decree
was entered granting compensation, whereupon the respond-
ent, hereinafter sometimes called Durastone, duly appealed
to this court.  While the cause was so pending, petitioner
died and his widow was made a party to the cause.

It is undisputed that while in the employ of respondent,
Beretta became disabled on May 6, 1949 when a lung col-
lapsed due to advanced silicosis.  The respondent was a
manufacturer of cast stone, a molded product composed
of sand, cement, marble dust and tin slag.  The manu-
factured product came from the mold with a coating or
"skin" of sand about one-eighth inch thick on various sides,
which coating was subsequently removed by means of a
pneumatic drill.  Beretta, who was sixty-five years old and
a stonecutter for about forty-two years, was employed by
respondent for more than ten years in removing the coating
from the stone in the manner just described, which opera-
tion, according to him, raised "plenty of dust."

The ultimate and determinative questions in the case
were: first, whether the air dust produced while Beretta was
at his particular work, not when some other employee was
cutting into the stone itself, contained sufficient free silica
of respirable size to constitute a hazard of his employment;
and secondly, whether he contracted silicosis while in re-
spondent's employ.

The right to compensation for disablement from an
"occupational disease or condition" is presently controlled

by art. VIII of the act as amended. Prior to 1949 disablement from silicosis was provided for by art. VIII-A, which was the subject of consideration in *Perez* v. *Columbia Granite Co.*, 74 R. I. 503. Chapter 2253 of the public laws of that year repealed art. VIII-A and added to the schedule of compensable occupational diseases and conditions set forth in G. L. 1938, chap. 300, art. VIII, §2, the following: "32. Disability arising from silicosis or asbestosis."

Section 3 of chap. 300, art. VIII, provides that if the disablement or death of an employee from an occupational disease is due "to the nature of the employment in which such employee was engaged and was contracted therein, he or his dependents shall be entitled to compensation for his death or for his disablement * * *." Section 4 denies compensation unless the occupational disease was contracted as provided in §3 "or in a continuous employment similar to the one in which he was engaged at the time of his disablement, within 24 months previous to the date of disablement, whether under one or more employers"; and further, that the time limit for contraction of the occupational disease therein prescribed shall not bar compensation in the case of an employee "who had continued in the same employment with the same employer from the time of contracting such occupational disease up to the time of his disablement thereby."

According to the medical evidence in the instant case silicosis is a disease and not a condition. Among other things, the trial justice made findings of fact to the effect that Beretta's *disability* from silicosis was due to the conditions under which he worked at Durastone. The respondent challenges such findings contending that they were erroneous as a matter of law. It argues that, under the act as it now stands, Beretta was not entitled to recover unless he established by competent proof that he contracted silicosis while in respondent's employ as a result of the hazard to which he was there exposed. In other words, its main contention is that the contraction of the occupational disease

of silicosis within the time specified in the act and not mere disablement therefrom is the basic element that must be proved before a person is entitled to compensation under the act.

In view of the ambiguous language used in setting forth the findings in the decree appealed from and of respondent's contention with reference thereto, we examined the decision of the trial justice to ascertain whether he based it merely on Beretta's disablement from silicosis, as respondent argued. That such was the case is plainly evidenced by the following excerpts from the decision: "The collapse of the lung undisputedly was due to silicosis, and so it would seem to be clearly established that the *disability* arising from silicosis, was contracted in respondent's employment. The substantial question is: Was his *disability* arising from silicosis due to causes and conditions which were characteristic of and peculiar to his particular trade, occupation, process, or employment? * * * There is room to debate the issue whether petitioner first contracted silicosis while in the respondent's employment. (italics ours) Assuming that he had contracted that disease before he entered respondent's employment, we are firmly satisfied that his *disability* from such disease is due to the causes and conditions which were characteristic of and peculiar to his trade and to the conditions under which he worked."

The applicable provisions of the act hereinbefore set forth require that a petitioner seeking compensation for disablement from silicosis has the burden of establishing not only that he was so disabled but also that such disease was due to the nature of the employment in which he "was engaged and was contracted therein" within the prescribed time. On the present record we are not warranted in expressing an opinion as to the merits of the case at this time. In our judgment the trial justice misconstrued the pertinent provisions of the act, which misconstruction affected his consideration of the evidence to such an extent that he did not make findings of fact on the real issue under the con-

trolling law. In such a situation we would ordinarily remand the cause to the superior court for further hearing by the same justice, but we cannot do so in this instance as the trial justice whose decision is presently before us has retired.

For that reason we are of the opinion that in the interest of justice the cause should be tried *de novo*, without prejudice, however, to the rights of either party because of these proceedings. If in preparation for such trial the present petitioner, Beretta's widow, should desire to have determined by appropriate analysis the amount of free silica of respirable size in the air while the sand coating is being removed from the stone by the same operation Beretta was performing when he became disabled, she shall be allowed to do so at a proper time without objection from respondent.

The respondent's appeal is sustained, the decree appealed from is reversed without prejudice, and the cause is remanded to the superior court for a new trial in accordance with this opinion.

*Charles A. Kiernan*, for petitioner.

*Henshaw, Lindemuth & Siegl, Benjamin F. Lindemuth, Daniel S. T. Hinman,* for respondent.